619 A.2d 1086
**Gwendolyn Sebastian HILL**

v.

**James HILL, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 26, 1992.

Decided Feb. 3, 1993.

534

John P. Simpkins, Philadelphia, for appellant.

Vivian A. Sye–Payne, Philadelphia, for appellee.

Before BECK, JOHNSON and HOFFMAN, JJ.

BECK, Judge:

In the context of shared legal custody, we address the issue of the decision-making authority of each parent.

Appellant-father appeals from a custody order that purportedly grants shared legal custody to both parents while permitting the mother's decisions about the child to prevail in the event of a conflict between the parents. Appellant argues that while the order provided for shared legal custody, the effect of the order was to award sole custody to the mother. We agree with appellant and remand.

This appeal arises out of a dispute over the custody of the parties' two minor daughters. The parties are presently separated and their divorce action is pending. On January 17,

1989, the court entered a custody order upon agreement of the parties. The order provided *inter alia* for shared legal and physical custody. Under the agreement, the mother had physical custody during the week and the father had weekend physical custody.

About a year after the agreed order, mother filed a petition to modify the custody order. She requested custody of the children on alternate weekends. She did not request sole legal custody. Several months later, to counter the mother's petition, father filed a petition for sole legal custody. He also filed a petition to hold mother in contempt for intentionally violating the terms of the existing order. The trial court consolidated the contempt and custody matters. The judge then heard argument on all outstanding issues. His order granted the parties shared legal custody with the provision that in the event of conflict, the mother's decision shall prevail.

Father's appeal raises three issues:

1) Whether the trial court abused its discretion in consolidating the petition for contempt with the petition to modify and vacate the temporary custody order;

2) Whether the trial court erred in refusing to permit appellant's counsel to question the parties' two minor daughters; and

3) Whether it was an abuse of discretion for the trial court to have denied father the right to make major decisions affecting the best interest of his daughters.

I

First, Father contends that the trial court should not have consolidated the petition for contempt and the petitions to modify the custody order. In *Azinger v. Pennsylvania Railroad Co.*, 262 Pa. 242, 105 A. 87 (1918), our supreme court addressed consolidation:

The question [of consolidation] is one that must necessarily be left to the discretion of the trial judge and where the issues are the same and they arise out of the same transaction, and it does not appear the trial of the cases together would tend to place the objecting party at a disadvantage,

or give an undue advantage to his adversary, the action of the court in ordering cases to be tried together will not be reversed.

*Id.* at 247, 105 A. at 88 (citations omitted).

Rule 213 of the Pennsylvania Rules of Civil Procedure, which is consistent with *Azinger, supra,* governs this issue:

(a) In actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court on its own motion or on the motion of any party may order a joint hearing or trial on any matter in issue in the actions, may order the actions consolidated, and may make orders that avoid unnecessary cost or delay.

Pa.R.C.P. 213(a)

Based on the above Rule we find the court did not abuse its discretion in consolidating this matter. *Corbett v. Weisband,* 380 Pa.Super. 292, 551 A.2d 1059 (1988), *appeal denied,* 524 Pa. 607, 569 A.2d 1367 (1989); *Lohmiller v. Weidenbaugh,* 302 Pa.Super. 174, 448 A.2d 583 (1982).

All petitions dealt with the custody order, its implementation and possible violations. On some vague rationale father maintains that consolidation was prejudicial to his rights. We find father misperceives this matter.

As to the contempt petition the trial court made a clear finding of fact stating in conclusion "there being no evidence of any willful or intentional violation of the Order of Court, father's petition for contempt is dismissed." Contrary to father's assertion, the record supports the trial court's decisions. The judge properly limited the testimony to questions relevant to *intentional* violation of the custody order: Thus, father was not prejudiced by consolidation.

## II

Second, father alleges that the trial court erred in refusing to permit his counsel personally to question the parties'

daughters. Father waived this claim when he failed to contest the judge's procedure during trial.

## III

■ Finally, Father asserts that the trial court's order effectively granted mother sole legal custody. We agree. While the stated intent of the order was to award shared legal custody to both parents, the effect of the order is to grant mother sole legal custody. We point out that mother never requested sole legal custody. The language in the order giving rise to appellant's objection is "In the event of disagreement, Mother's preference shall prevail." We conclude the court's order is a hybrid, not recognized by statute or decisional law, and effectively deprives father of shared legal custody.

Legal custody is defined by statute as "the legal right to make major decisions affecting the best interest of a minor child, including, but not limited to, medical, religious and educational decisions." 23 Pa.C.S.A. § 5302.

The concept of shared legal custody was discussed extensively by this Court when it was confronted with "that most difficult of custody determinations—the choice between two very competent and loving adults." *In re Wesley J.K.*, 299 Pa.Super. 504, 511, 445 A.2d 1243, 1246 (1982).[1] Attempting to fashion the best remedy for this unfortunate dilemma, this Court instructed the trial court as follows:

> An alternative to the traditional sole custody arrangement is "shared" or "joint" custody wherein legal custody is shared while physical custody is alternated by the agreement of the parties. The philosophic premise of shared

1. The criteria established for shared custody are: 1) both parents must be "fit," capable of making reasonable child-rearing decisions, and willing and able to provide love and care for their children; 2) both parents must evidence a continuing desire for active involvement in the child's life; 3) both parents must be recognized by the child as a source of security and love; 4) a minimal degree of cooperation between the parents must be possible. *See Wesley, supra* and *Andrews v. Andrews,* 411 Pa.Super. 286, 601 A.2d 352 (1991).

custody is the awarding to both parents of responsibility for decisions and care of the child. In the past non-custodial, conscientious parents have been frustrated by the second-class status to which the law has assigned them. It was difficult to develop healthy relationships to a child where their role may have been limited to a weekend parent whose counsel was not sought in decisions affecting the child. Shared custody allows both parents input into major decisions in the child's life.

*Id.*, 299 Pa.Super. at 512, 445 A.2d at 1247 (footnotes omitted). *See also* 23 Pa.C.S.A. § 5302 (defining "Shared custody" as "an order awarding shared legal or shared physical custody in such a way as to assure the child of frequent and continuing contact with and physical access to both parents").

In the instant case, the judge sought dual objectives in his order, to grant the parties shared legal custody and at the same time to forestall the parties from returning to court in the event of a disagreement. In so doing, however, the court gave the father authority in name only and deprived him of a legal remedy because he was already awarded "shared legal custody." There is no provision in the law for the order the court issued.

This Court is neither unaware of nor unconcerned with the fact that granting shared custody involves an inherent risk that couples may reappear on the courthouse steps for further resolution of their conflicts. In *Wesley,* however, this Court determined that the benefits of shared decision-making authority outweigh concern for judicial expediency.

Trial courts may fear that shared custody will impose additional burdens on them because they will be drawn into conflicts between parents when they disagree on decisions affecting the child. While theoretically this may be, we trust this will happen only rarely. Giving both parents legal and physical responsibility for the child should attenuate the animosity and the "have not" feeling that so often existed in the non-custodial parent which caused the non-custodial

parent to petition regularly for custody. If shared custody proves unworkable because parents cannot agree and seek frequent court intervention, then the trial court may have to consider withdrawing the shared custody status.

*Wesley, supra,* 299 Pa.Super. at 504, 445 A.2d at 1249.

It is abundantly clear in the above passage that the concept of shared legal custody does not contain the principle of giving one parent final authority in the event of a dispute.

■ Furthermore, in order to support a decision of shared custody, the court must make a determination that the parties are capable of cooperating, even minimally. We point out that although the trial judge in this case responded to the litigants sensitively and intelligently, he neglected to make an on the record finding as to whether the parents are able to cooperate, even minimally.[2] Such a finding is essential to an award of shared custody. The rationale behind this requirement is that if the parties are unable to cooperate minimally shared custody is unworkable and inappropriate. However, no more than a finding of minimal cooperation is required based on the pragmatic realization that no couple, divorced or intact, agrees on every important decision in the upbringing of their children. If the court intends to award shared custody, then the order must be premised on the parties' equality in decision-making. One of the predicates of a shared custody order is a finding by the court that the parties are capable of cooperating minimally. Here, the record does not indicate whether the order of shared custody was premised upon such a finding.

**2.** Case law requires that the trial court:

provide us with a complete record and a comprehensive opinion which contains a thorough analysis of the record and specific reasons for its ultimate decision. The appellate courts require an opinion which demonstrates that the trial judge in a custody case has analyzed the record as a whole and has dealt with significant factual disputes in a manner which will .enable the appellate courts to understand the reasons for the decision and to make an intelligent evaluation of the opinion and of the testimony....

*Schwarcz v. Schwarcz,* 378 Pa.Super. 170, 548 A.2d 556 (citations omitted); *see also V.B. v. M.L.T.B.,* 321 Pa.Super. 36, 467 A.2d 880 (1983).

In light of the foregoing, we remand this case to the trial court for further proceedings in accordance with this opinion. Jurisdiction relinquished.

JOHNSON, J., files a concurring and dissenting opinion.

JOHNSON, Judge, concurring and dissenting:

I concur with the result reached in the Majority Opinion regarding Father's first and third issues. However, not only do I conclude that Father's second issue has not been waived, but I also conclude that this Court must address this issue in order to completely dispose of the issues presented to this Court, in a matter being remanded for further proceedings.

Father alleges, in his second issue, that the trial court erred in refusing to permit counsel to question the parties two minor daughters. The Majority states that this issue was waived because Father failed to contest the trial court's procedure at trial. I find this issue to be preserved for our review.

Counsel for Father, upon hearing the trial court's planned procedure for interviewing the children, requested that counsel be permitted to question the children. The trial court refused and allowed no further discussion on this issue. While Father's counsel did not ask the court for an exception to its ruling on this issue, the taking of an exception is no longer required in order to preserve an issue for review. *See* Pa. R.Civ.P. 227(a). After the trial court's order, Father also raised this issue in his Concise Statement of Matters Complained of on Appeal, as no post-trial motions are permitted in cases involving custody. Pa.R.Civ.P. 1915.10(b). Father and Mother have also completely briefed this issue for consideration on this appeal. I conclude that Father's second issue was preserved for review. Thus, our decision should include a determination of this issue, despite the fact that the outcome of the case will remain unchanged.

Father contends that Rule 1915.11, of the Pennsylvania Rules of Civil Procedure, mandates that counsel for the parties must be permitted to question the children who are the

subject of a custody action. That Rule states in pertinent part:

(b) The court may interrogate a child, whether or not the subject of the action, in open court or in chambers. The interrogation shall be conducted in the presence of the attorneys and if permitted by the court, the parties. The attorneys shall have the right to interrogate the child under the supervision of the court. The interrogation shall be part of the record.

Father relies on the statement by this Court in *Gerald G. v. Theresa G.*, 284 Pa.Super. 498, 426 A.2d 157 (1981), as dispositive on this issue. In *Gerald G.*, we vacated a custody order by the trial court due to deficiencies in the record which made it impossible for this Court to evaluate the case on appeal. *Id.* at 503, 426 A.2d at 160. There, the issue of whether counsel should be permitted to personally question a child, who is the subject of a custody dispute, was not before the Court. Rather, in *dicta,* we described the procedure to be generally followed when interviewing a child in a custody dispute, as guidance to the parties and the trial court in developing a complete record. *Id.* at 503, 426 A.2d at 161.

Father also relies on *Sutliff v. Sutliff,* 361 Pa.Super. 194, 522 A.2d 80 (1987), to support his contention that the order of the trial court should be reversed because his counsel did not personally question the children. In *Sutliff,* we again reversed a custody order due to the fact that there was an incomplete record for appellate review. The *Sutliff* trial court interviewed the child in question and dismissed the child from the witness stand notwithstanding the fact that counsel for the mother indicated that there were additional questions which should be asked of the child. *Id.* at 198, 522 A.2d at 82. In that case, we reversed the custody order because the trial court's failure to entertain any questions from counsel resulted in an incomplete record for review in this Court. *Id.* at 198, 522 A.2d at 82.

In the present case, the trial court stated that it alone would question the children. However, the trial court also indicated that questions would be accepted from counsel and that the

trial court itself would pose those questions to the children. The children were then questioned by the trial court, in the presence of counsel for both parties, on the issues raised in the custody dispute. After completing its questioning, the trial court asked counsel if they had any questions for the children. Counsel for Father clearly indicated that he had no further questions.

The plain language of Rule 1915.11 states that questioning of children who are the subject of a custody dispute, by counsel for the parties, will be under the supervision of the court. The trial court did not, as Father alleges, deny counsel the right to pose questions to the children but, rather, exercised supervision of the questioning by permitting the questions to be posed through the trial court during its examination of the children. At no time during the questioning, did counsel for Father object to the questions which the trial court asked of the children. Moreover, in this appeal, Father does not allege how this exercise of the court's supervision over counsels' questioning of the children prejudiced him. Father also fails to indicate what, if any, additional questions he would have posed to the children in order to further clarify the issues raised in this custody dispute.

In both *Gerald G.* and *Sutliff, supra,* we reversed the order of the trial court because we were presented with an incomplete record for review on appeal. In the present case, Father does not contend, nor would I find, that review in this Court has been hindered by the trial court posing questions to the children rather than allowing adversarial questioning of the children by counsel. Rule 1915.11(b) permits the trial court to exercise its discretion to supervise the questioning of children during a custody hearing. Absent a gross abuse of that discretion, a reviewing court will not interfere in the procedure used by the trial court. Since Father fails to establish that he was prejudiced or that the record is incomplete, I would conclude that there was no gross abuse of discretion on the part of the trial court in conducting its interrogation of the children. Because this case is being remanded, the trial

court's procedure with regard to questioning the parties' minor daughters should be upheld.