## Senatore v. Senatore

C.P. of Pike County, no. 1287-Civil-1992.

*Arthur B. Siegel,* for plaintiff.
*Lisa Hoos,* pro se.

THOMSON JR., *P.J.,* November 8, 2000—The issue before this court relates to the non-custodial parent's

authority and decision-making power under a shared legal custody arrangement. Specifically, the non-custodial parent in this action, the minor child's father, is challenging the administration of an antidepressant medication to his son, as his consent and approval were never sought nor obtained. The non-custodial parent has asserted that this antidepressant medication, Celexa, is not safe or approved for pediatric patients, and may have severe side effects when taken. In addition, the minor's father objects to the administration of any such medication in the absence of psychotherapy or other counseling.

The minor child that is at the center of this dispute is a 10-year-old boy, about to enter the sixth grade, with some recent indications of depression and increased behavioral problems. His parents were divorced in 1992, when they were awarded joint legal custody of the boy, his mother enjoying primary physical custody. The minor child has been involved in at least one fight at school, has been reprimanded for rubbing ink into the hair of a classmate, has been caught carrying a knife to school, and has allegedly exhibited some indication of depression and self-hatred. This child visited a therapist on several occasions in 1998 to discuss these severe anger outbursts and this aggressive behavior, and ultimately was prescribed the antidepressant drug, Celexa. The minor's mother believes that her son has had a dramatic response to the medication. Similarly, the boy's teachers have noticed a positive change in his behavior.

Conversely, the minor's father fears the possible dangers of this drug, as it is not approved for pediatric use

and may have severe side effects. Mr. Senatore argues that he does not want his son taking Celexa, as the dangerous side effects may include nausea, insomnia, drowsiness at times, and other symptoms. In addition, the father's independent research of this prescription medication indicates that there is a potential for dependence on this drug, and that it has not been approved for use by children under the age of 12. Finally, Mr. Senatore expresses concern about his son receiving this prescription medication without counseling or therapy to accompany it, or in place of such therapy altogether. After consulting a mental health expert of his own, it is Mr. Senatore's hope that use of the antidepressant drug will cease and his son will be able to continue with therapy or counseling only, if still necessary to address his behavior problems.

The concept of shared legal custody, also known as joint legal custody, was created in an attempt to remedy difficult custody situations where a choice must be made between two very competent and loving adults. *In re Wesley J.K.,* 299 Pa. Super. 504, 511, 445 A.2d 1243, 1246 (1982). "Legal custody" is defined in section 3 of the Custody and Grandparents Visitation Act as the legal right to make major decisions affecting the best interests of a minor child, including but not limited to medical, religious and educational decisions. 23 P.S. §1003. Under a shared legal custody arrangement, legal custody is shared between parents, allowing both parents responsibility for decisions and the care of the child, and assuring frequent and continuing contact with the child. Such a custody arrangement "fosters more natural relations

within the divorced family," and makes it much less likely that the child will be used by the custodial parent as a weapon against the non-custodial parent. See Miller, *Joint Custody,* 13 Fam.L.Q. 343, 360 (1979). "In the past, non-custodial, conscientious parents have been frustrated by the second-class status to which the law has assigned them. It was difficult to develop healthy relationships to a child where their role may have been limited to a weekend parent whose counsel was not sought in decisions affecting the child. Shared custody allows both parents input into the major decisions in the child's life." *Id.,* 299 Pa. Super. at 512, 445 A.2d 1247.

Shared legal custody entails joint input in all major decisions affecting the child, including educational, medical, and religious matters, and assures parents equal rights and responsibilities regarding their children. See *Khoury v. Khoury,* 7 Phila. 279 (1982). In joint custody, neither parent has a superior legal advantage and is therefore less likely to take unfair advantage of the other. "Because both parties have legally established rights to care for their child and to make decisions about their child's welfare, neither parent can obtain concessions by threatening to prevent the other from seeing the child; nor can one make a major decision without consulting the other." See *In re Wesley J.K.,* 299 Pa. Super at 513, 445 A.2d at 1247, citing Bratt, *Joint Custody,* 67 Ky.L.J. 277 at 306 (1979).

Upon consideration of the credible evidence, it is clear that the minor child's father has been deprived of his right to equally participate in the major decisions impacting his son's life. There is no doubt that a parent's

decision to give their child a prescription antidepressant is a major decision. The specific concern surrounding the administration of this specific drug to pediatric patients makes this decision even more important. Although Mr. Senatore may have been aware that his child was being brought to a therapist, the record suggests that he did not authorize or consent to the administration of the antidepressant drug in question. As the Senatores enjoy joint custody over their children, they agreed not to embark on any major medical treatment without first consulting one another. Defendant's unilateral decision to give her son Celexa is in blatant disregard of Mr. Senatore's rights and obligations under the concept of shared legal custody, and inhibits all attempts at fostering stronger, natural relations within the divorced family. Clearly, the concept of shared legal custody does not contain the principle of giving one parent final authority in the event of a dispute. *Hill v. Hill,* 422 Pa. Super. 533, 619 A.2d 1086 (1993). If this court were to permit the custodial parent to do this, we would be giving the non-custodial parent authority in name only, and essentially ignoring the goals behind the policy of shared custody.

It is worth noting that for the child, an awareness of his parents' joint involvement is crucial. Such a joint effort is not only the most solid evidence of being loved by both parents but the chance to express, rather than bury, whatever angers and conflicts the divorce engenders. See *Smith v. Smith,* 307 Pa. Super. 544, 453 A.2d 1020 (1982). As this court has already found it to be in the minor's best interest for his parents to have joint le-

gal custody and decision-making authority, we cannot say it is in his best interests to have his custodial parent unilaterally make such a major decision in total disregard of this custody agreement.

## ORDER

And now, November 8, 2000, upon consideration of plaintiff Michael Senatore's petition for rule to show cause, defendant Lisa Senatore's answer, and hearing held thereon, it is hereby ordered and decreed that:

(1) Lisa Senatore, now by marriage Lisa Hoos, is to discuss all major medical or educational problems of the couple's children with Michael Senatore, keeping Mr. Senatore fully informed and knowledgeable about all significant events in the minor children's lives and consulting with Mr. Senatore prior to any major decisions affecting the aforementioned minor children.

(2) Both parents shall share equal responsibility for all major decisions affecting the children including, but not limited to, medical, religious, and educational decisions.

(3) The present treatment of the minor child is to be discontinued until such time as the parties can agree on an acceptable alternative to the medication in dispute, or until it is agreed upon that such medication is a necessary component to the minor child's treatment and improvement.

(4) The minor child is to continue with counseling and therapy to address his irritability and aggressive behavior, and to determine the necessity and/or usefulness of

prescription medications, including, but not limited to, the antidepressant, Celexa.

(5) If the occasion arises when, after thorough discussion, the parties cannot agree on a major parental decision, they shall select a mutually acceptable friend or other person to help mediate the dispute.

(6) The parties may, by agreement, vary the foregoing terms whenever they deem it to be in the best interests and welfare of their children.