## Strauss v. Strauss

C.P. of Centre County, no. 2009-1567.

*Rosadele Kauffman,* for plaintiff.
*April C. Simpson,* for defendant.

RUEST, *J.,* July 21, 2010—Plaintiff filed a complaint requesting primary physical custody on April 1, 2009, and defendant filed an emergency complaint for custody on the same date, docketed at no. 2009-1586. A hearing was held on April 28, 2010 and the parties thereafter both submitted findings of fact and conclusions of law.

## FINDINGS OF FACT

(1) Linda C. Strauss (Mother) and James A. Strauss (Father) are the parents of two minor children, namely Ellie Strauss, born October 21, 1998, and in the fifth grade at the time of hearing, and Clark Strauss, born December 5, 2000, and in the third grade at the time of hearing.

(2) The parties were married on December 31, 1997.

(3) Before their separation, both parents were involved in the child-rearing duties and activities.

(4) The parents separated when Mother moved from the house on March 31, 2009, at which time both parents filed petitions for custody.

(5) Prior to their separation, the parents discussed arrangements for custody of the children following separation and attended mediation, but were unable to agree on a parenting plan.

(6) Since both parents appeared to be fit, the court entered a temporary custody order that the children would be in the custody of each parent on a rotating week-to-week basis with a period of partial physical custody on Wednesday night for the non-custodial parent in that week.

(7) Each parent resides in a well-kept and appropriate home in the State College Area School District and particularly where the children have been able to continue attending the Grays Woods Elementary School.

(8) Father currently resides in the marital residence which the family moved into when Ellie and Clark were very young; it is the only family home they have known.

(9) Father has been consistently employed as a senior lecturer of anatomy and physiology at The Pennsylvania State University, within the department of biology, since fall of 1992.

(10) Due to the nature of Father's teaching responsibilities, he has flexible work hours which have allowed him to be available as needed for care of the children.

(11) Both children have attended Grays Woods Elementary School since kindergarten.

(12) Both children have continued to do excellent in school since the separation of their parents and the implementation of an alternating week shared custody schedule.

(13) Mother noted signs of stress in the children's behavior and the school guidance counselor suggested counseling for the children, which Father resisted. Nevertheless, after Mother filed a petition for special relief he ultimately agreed and the children were seen by Dr. Neil Hemmelstein for a period of time.

(14) Dr. Hemmelstein prepared a report dated April 25, 2010, which was offered into evidence by Father as exhibit 4, indicating that he saw both children for individual psychotherapy on six occasions between September 2 and October 28, 2009. The report of Dr. Hemmelstein indicated that there "were no ongoing behavioral concerns present that required continuing regularly scheduled appointments."

(15) A custody evaluation was conducted by Dr. Arnold Sheinvold by court order. His process for the custody evaluation included a total of 15 interviews with the parents and the children. Additional components of his evaluation included parent-child observations, psychological testing, a home visit, completion of parenting report cards by the children, and completion of parenting reference forms by individuals selected by each parent.

(16) After conducting a thorough custody evaluation, Dr. Sheinvold reached the conclusion that it was in the best interest of Ellie and Clark Strauss that they remain

in the shared physical and legal custody of their parents. Dr. Sheinvold also recommended the use of a parenting coordinator and further recommended that both parents pursue individual therapy.

(17) Dr. Sheinvold did not consider the custody dispute between the parties to be a high conflict case and he did not identify any open hostility between the parents.

(18) Dr. Sheinvold based his recommendation for shared legal and physical custody upon several factors: that both parents have had consistent involvement with the children throughout their lives; that both parents trusted each other to care for the children; that the children are attached to both parents; that both parents have good parenting styles. He was unable to identify any negative psychological factors for either parent during his review.

(19) Dr. Sheinvold described the children as being very bright and resilient which he viewed as a good combination for a shared custody situation. He considered that the children were able to articulate a desire to continue to spend equal time with both parents.

(20) The area of major disagreement between the parents has been on the enrollment of children in extra-curricular activities. Mother desires the children to have a fairly rigorous schedule of athletic activities. Father has concerns about the children being over-scheduled with sports activities.

(21) Dr. Sheinvold also recommended that Mother and Father attend child-centered co-parenting counseling or agree to use a parent coordinator to resolve their scheduling conflicts with regard to the children.

## CONCLUSIONS OF LAW

(1) The paramount concern in child custody cases is the best interest of the child. *McMillen v. McMillen,* 529 Pa. 198, 602 A.2d 845 (1992).

(2) The determination of what is in the best interest and welfare of the child is based on consideration of all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being. *E.A.L. v. L.J.W,* 443 Pa. Super. 573, 662 A.2d 1109 (1995).

(3) Each child custody matter is unique and to be decided on a case-by-case basis according to the best interests of the particular child involved, without presumptions or mechanically applied rules. *Johnson v. Lewis,* 870 A.2d 368 (Pa. Super. 2005).

(4) In making an order for custody, the court shall consider which parent is more likely to encourage, permit and allow frequent and continuing contact and physical access between the other parent and the child. 23 Pa.C.S. §5303(a)(2).

(5) "Shared custody" is an order awarding shared legal or shared physical custody, or both, of a child in such a way as to assure the child frequent and continuing contact with and physical access to both parents. 23 Pa.C.S. §5302.

(6) Four factors to consider in deciding whether to order a shared physical custody schedule are: (a) both parents must be fit, capable of making reasonable child rearing decisions and willing and able to provide love

and care for the child; (b) both parents must evidence a continuing desire for active involvement in the child's life; (c) both parents must be recognized by the child as a source of security and love; and (d) a minimum degree of cooperating between the parents must be possible. *Wiseman v. Wall,* 718 A.2d 844, 848 (Pa. Super. 1998), citing *Hill v. Hill,* 422 Pa. Super. 533, 619 A.2d 1086 (1993). *Yates v. Yates,* 963 A.2d 535 (Pa. Super. 2008).

(7) While a trial court is not required to accept the conclusions of an expert witness in a child custody case, it must consider them, and if the trial court chooses not to follow the expert's recommendations, its independent decision must be supported by competent evidence of record. *M.A.T. v. G.S.T.,* 998 A.2d 11 (Pa. Super. 2010).

## CONCLUSIONS

The facts established at the custody proceeding of April 28, 2010 demonstrate that the best interest of these children will be served by continuing shared legal custody and the current alternating week shared physical custody schedule. This arrangement has been in place by court order since April 3, 2009. The children have adapted to this arrangement and appear to be doing well. Dr. Arnold Sheinvold performed a thorough custody evaluation and concluded that the current shared legal and physical custody arrangement is in the best interest of the children, which he supported by well-reasoned analysis.

Both parents are fit and capable and have evidenced a continuing desire to stay actively involved in the lives of their children. Both parents are recognized by their children as a source of security and love. More than a

minimum degree of cooperation between the parents has been established as shown by their ability to make adjustments to the children's schedules to best benefit the children without seeking court intervention. For all the reasons set forth herein, shared legal and physical custody is in the best interests of the Strauss children.