J-A14033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.A.W. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| R.J.S., | | |
| Appellant | | No. 2214 MDA 2015 |

Appeal from the Order Entered November 17, 2015
in the Court of Common Pleas of York County
Civil Division at No.: 2011-FC-001982-03

BEFORE:  BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 05, 2016**

R.J.S. (Father) appeals from the order of the Court of Common Pleas of York County, entered November 17, 2015, that awarded shared legal and shared physical custody of A.S. (Child) born in October of 2011, to Father and S.A.W. (Mother).[1]  We affirm.

Mother and Father never married; they ended their relationship about one year after Child was born.  At the time this litigation began, the parties shared custody of Child pursuant to an order of the trial court entered January 30, 2014.  Father began this case by filing an emergency petition to modify custody on April 6, 2015.  After a conciliation conference, the trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court's order is dated November 16, 2015, but was filed on November 17, 2015.  We have amended the caption accordingly.

court entered an order on May 22, 2015, that reaffirmed the January 30, 2014 order, pending trial.

The trial court held a hearing on Father's petition on October 30, 2015. Testifying at that hearing, in addition to Mother and Father, were registered nurse and sexual assault victim specialist, Tracy Hunter; clinical psychologist, Kasey Shienvold, Ph.D.; York County Children, Youth and Families intake supervisor, Stacy Broad; Small World Day Care Center owner and director, Barbara Myers; and Mother's boyfriend, J.R.

The trial court entered the order appealed from and an accompanying opinion in which it discussed each of the sixteen best interest custody factors on November 17, 2015. Father filed his timely notice of appeal and statement of errors complained of on appeal on December 16, 2015. *See* Pa.R.A.P. 1925(a)(2)(i). The trial court entered an opinion in support of its order on January 11, 2016. *See* Pa.R.A.P. 1925(a)(2)(ii).

Father presents the following questions for our review:

1. Whether the [t]rial [c]ourt abused its discretion and committed an error of law under *Hill v. Hill*, 619 A.2d 1086, 1089 (Pa. Super. 1993) ("[I]n order to support a decision of shared custody, the court must make a determination that the parties are capable of cooperating, even minimally.") when it determined that a [sic] shared physical custody is in the best interest of [Child] when the [trial court], parties and custody evaluator all agree that the parties have a high level of conflict and cannot communicate or cooperate with each other?

2. Whether the [t]rial [c]ourt abused its discretion and committed an error of law under *M.A.T. v. G.S.T.*, 989 A.2d 11, 19 (Pa. Super. 2010) [(*en banc*)] ("It is an abuse of discretion, however, for a trial court to dismiss as unpersuasive, and to totally discount, uncontradicted expert testimony.") when it

failed to consider an uncontradicted custody evaluation report and failed to indicate why it was rejecting the custody recommendations of the custody evaluator, who testified that a primary physical custody arrangement with the Father was in the best interests of [Child]?

(Father's Brief, at 3).

Our scope and standard of review is as follows:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F., III v. S.E.F.*, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted).

We have stated,

. . . [T]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

*Ketterer v. Seifert*, 902 A.2d 533, 540 (Pa. Super. 2006) (citation omitted).

The primary concern in any custody case is the best interests of the child. "The best interests standard, decided on a case-by-case basis,

- 3 -

considers all factors which legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being." ***Saintz v. Rinker***, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted).

Additionally,

> The parties cannot dictate the amount of weight the trial court places on evidence.  Rather, the paramount concern of the trial court is the best interest of the child.  Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

***S.M. v. J.M.***, 811 A.2d 621, 623 (Pa. Super. 2002) (citation omitted).

When we consider the question of whether parties should share custody, we are guided by the four factors enunciated in this Court's decision in ***Wiseman v. Wall***, 718 A.2d 844 (Pa. Super. 1998).  Those four factors are:

> (1) both parents must be fit, capable of making reasonable child rearing decisions and willing and able to provide love and care for their children; (2) both parents must evidence a continuing desire for active involvement in the child's life; (3) both parents must be recognized by the child as a source of security and love; (4) a minimal degree of cooperation between the parents must be possible.

***Id***. at 848 (citations omitted).  In addition, this Court has stated, "in order to support a decision of shared custody, the [trial] court must make a determination that the parties are capable of cooperating, even minimally." ***Hill***, ***supra*** at 1089.

In support of his first argument, that the trial court erred when it determined that shared custody was in Child's best interest because of the

high level of distrust between the parties and their inability to communicate,

Father states:

> Custody exchanges frequently become contentious. Both parties have threatened to withhold custody. Phone calls from the noncustodial parent to [Child] are interrupted or prevented. The parties have difficulty making medical decisions together for [Child]. Most importantly, many of these disputes between the parties have occurred while [Child] is present or nearby.

(Father's Brief, at 12) (record citations omitted).

Father also refers us to the trial court's opinion in which the court states, "The parties are unable to communicate with each other and it has severely impacted their ability to parent [Child]." (*Id.* at 13) (emphasis omitted) (quoting Trial Court Opinion, 11/17/15, at 10). In addition, he quotes the trial court's statement that Dr. Shienvold, the custody evaluator, "testified that the parties have no trust or respect for each other." (*Id.*).

The issue here, however, where Father does not question whether the parties qualify under the first three factors of **Wiseman**, is whether, "the parties are capable of cooperating, even minimally." **Hill**, *supra* at 1089. To answer this inquiry, we quote the trial court, with approval:

> [Father] claims that this [c]ourt committed an abuse of discretion and error of law in its determination that the parties shall exercise shared physical custody of [Child] as there is a high level of conflict between the parties. The [c]ourt considered the level of conflict between the parties in entering the [o]rder. This [c]ourt did not find that it would be in the best interest of [Child] to be in the primary physical custody of one parent over the other, and instead limited the parties' interaction at custody exchanges by awarding the parties shared physical custody on a week on, week off basis. We note that much of the conflict and failure to communicate has been due to [Father's] failure to

notify [Mother] of appointments and his refusal to attend co-parenting classes. While this [c]ourt did note that the level of conflict between the parties was a cause for concern, we do find that with co-parenting classes and limited interaction at only weekly exchanges, the parties are able to cooperate at least to the extent that shared legal and physical custody is possible, and is still in the best interest of [Child].

(Trial Court Opinion, 1/11/16, at 2).

Father gives us no reason to find error or an abuse of discretion here other than his assertion that the evidence does not support the trial court's determination. We will however, defer to the trial court on issues of credibility and weight of the evidence. *See C.R.F.*, *supra* at 443; *S.M.*, *supra* at 623. Our examination of the record reveals that there is sufficient evidence to support the trial court's determination that the parties are capable of the necessary minimal cooperation and that shared custody is in Child's best interest. Father's first claim is without merit.

In his second issue, Father claims that the trial court erred when it failed to consider an uncontradicted custody evaluation report and failed to indicate why it was rejecting the recommendations of the custody evaluator. (*See* Father's Brief, at 14). Father claims, "the [t]rial [c]ourt completely disregarded the expert's report and testimony" in this matter. (*Id.* at 15). He claims that, in doing so, it abused its discretion by ignoring our decision in *M.A.T.*, *supra*, in which we stated, "while a trial court is not required to accept the conclusions of an expert witness in a child custody case, it must consider them, and if the trial court chooses not to follow the expert's

recommendations, its independent decision must be supported by competent evidence of record." ***M.A.T., supra*** at 20 (citation omitted). We again quote the trial court, with approval:

> [Father] further claims that this [c]ourt abused its discretion and committed an error of law for failing to consider a custody evaluation report. This [c]ourt did, in fact, consider the custody evaluation report, and gave it the weight it deserved. [Father] points to ***M.A.T.***[, ***supra***] in arguing that this [c]ourt abused its discretion. [Father] fails to note, however, that the Superior Court also noted that the trial court is under no obligation to delegate its decision-making authority to a custody evaluator. ***See id.*** at 19. Further, the Superior Court held that a trial court must consider the conclusions of an evaluator, that "if the trial court chooses not to follow the expert's recommendation, its independent decision must be supported by competent evidence of record." ***Id.*** at 20. In this case, there was more than competent evidence of record to support the decision of this [c]ourt. We note that under cross-examination, Dr. Kasey Shienvold did admit that several incidents were not conveyed to him by [Father]. The [c]ourt found that the incidents that were not conveyed may well have changed the outcome of the evaluation and substantially affected the weight given to his recommendation. We particularly note that Father failed to appropriately disclose an incident where he withheld custody from Mother despite warnings from the York County Office of Children, Youth and Families that he would be held in contempt if he did not return [Child]. Dr. Shienvold also was not aware that [Mother] had appropriate child care, that [Mother] took [Child] to the doctor immediately after hearing of any concerns regarding alleged abuse, and that [Father] took [Child] to yet another invasive and unnecessary examination at the hospital without making [M]other aware of the appointment. We did consider Dr. Shienvold's opinion but based on the significant information that was not provided to Dr. Shienvold, we gave it the appropriate amount of weight in coming to a decision after weighing all of the factors outlined in the Custody Act.

(Trial Ct. Op., 1/11/16, at 2-4) (record citation formatting provided).

The trial court did not abuse its discretion by not following Dr. Shienvold's recommendation. Father's second issue is without merit. Accordingly, we affirm the order of the Court of Common Pleas of York County, entered November 17, 2015, that granted the parties shared legal and physical custody.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2016