## Stahl, Appellant, v. Hilderhoff.

Argued October 2, 1968. Before BELL, C. J., MUSMANNO, JONES, EAGEN and O'BRIEN, JJ.

*C. Donald Gates, Jr.,* with him *Brandt, Riester, Brandt & Malone,* for appellant.

*Lisle A. Zehner,* for appellee.

OPINION BY MR. JUSTICE JONES, November 12, 1968:

On March 19, 1963, a collision occurred between two motor vehicles, one owned and operated by Nancy Stahl (plaintiff) and the other operated by Edwin Hilderhoff (defendant), wherein the plaintiff suffered both property damage to her motor vehicle and, allegedly, injuries to her person. The property damage to plaintiff's motor vehicle amounted to $193.51, which was covered by collision insurance carried with General Motors Insurance Corporation (plaintiff's insurance carrier).

On April 30, 1963, an action in trespass to recover property damage only was instituted *in the name of Nancy Stahl* against the defendant before a justice of the peace and a default judgment was entered in favor of Nancy Stahl and against defendant. This judgment was paid and satisfied. Thereafter, plaintiff's insurance carrier tendered to plaintiff the check received from defendant's insurance carrier, but plaintiff refused to endorse the check.

On April 22, 1965, plaintiff instituted a trespass action in the Court of Common Pleas of Allegheny County against defendant to recover damages for personal injuries received in the accident.[1] The defendant, reciting the prior action and resulting judgment before the justice of the peace, averred under "New Matter" in his "Answer" the defense of *res judicata*. Upon reply filed to the "New Matter" by plaintiff, defendant moved for judgment on the pleadings which was granted by the court below. From that judgment, the instant appeal was taken.

---

[1] The record indicates this action was instituted one month beyond the statutory two year period of limitations. However, the question of the statute of limitations has not been raised by defendant as an affirmative defense under Pa. R. C. P. 1030 and, therefore, may be considered waived under Pa. R. C. P. 1032. In any event, that question is not now before us.

In passing upon the propriety of the entry of this judgment on the pleadings, we must look to the pleadings which constitute the only record before us and accept as true, for the purpose of this appeal, such facts as are well pleaded. See: *Woodyatt v. Bank of Old York Road,* 408 Pa. 257, 258, 182 A. 2d 500 (1962); *Robinson v. Philadelphia,* 400 Pa. 80, 82, 161 A. 2d 1 (1960).

In *Stevenson v. Silverman,* 417 Pa. 187, 190, 208 A. 2d 786 (1965), we stated: "For the doctrine of *res judicata* to prevail, there must be a concurrence of four conditions: (1) Identity in the thing sued upon; (2) Identity of the cause of action; (3) Identity of persons and parties to the action; and (4) Identity of the quality or capacity of the parties suing or sued." If these conditions are met in the case at bar, the fact that the prior judgment was entered in an action before a justice of the peace does not preclude invocation of the doctrine of res judicata. See: *Marsteller v. Marsteller,* 132 Pa. 517, 523-24, 192 Atl. 344 (1890).

The challenge which plaintiff makes to the entry of the instant judgment on the basis of *res judicata* is that, in the action before the justice of the peace, she was not a party thereto or in privity with the parties therein; therefore, one of the prerequisites for the invocation of *res judicata* is lacking, *i.e.,* identity of parties.

The record indicates that the prior action was instituted *in the name of the plaintiff.* However, plaintiff's "Reply" to the "New Matter" of defendant avers: (a) that the action before the justice of the peace was instituted at the "instance and at the request of [plaintiff's insurance carrier]" through one Attorney W. J. Ivill "to recover the property damage due and owing to [plaintiff's insurance carrier]"; (b) that plaintiff was not present nor did she present testimony in the

prior action; (c) that plaintiff "was not aware of the fact that suit had been entered against the defendant"; (d) that the check for $193.51 received from defendant's representatives payable to plaintiff and Attorney Ivill was delivered to her but she refused to endorse the check and returned it to her insurance carrier which had tendered it to her; (e) that Attorney Ivill was not plaintiff's counsel, did not represent her and was not authorized by her to institute the suit to recover the property damage. Such facts are well pleaded and we must, for the purpose of this appeal, accord verity to them. So accrediting such well pleaded facts, the conclusion is inevitable that plaintiff was not a party or in privity with a party to the prior action and, therefore, the doctrine of *res judicata* does not apply.

Our recent decision in *Spinelli v. Maxwell*, 430 Pa. 478, 243 A. 2d 425 (1968) affords no support for defendant's position or the action of the court below. In *Spinelli* the plaintiff had executed an authorization broad enough to cover the institution of the prior action and the representation of her interests in such action by her insurance company's counsel; the amount of the "deductible loss" under the insurance policy of plaintiff suffered by plaintiff was included in the claim and recovered in the prior action; the plaintiff, in fact, had accepted the amount of the "deductible loss" in satisfaction of the judgment obtained in the prior action. None of these facts are present in the case at bar; in fact, plaintiff's well pleaded facts are to the contrary.

In the posture in which this appeal is presented, judgment should not have been entered on the pleadings on the basis of the doctrine of *res judicata*. It may well be that defendant can successfully establish at trial the opposite of the facts pleaded as to partici-

pation by plaintiff in the prior action and that the parties in both actions were identical. However, at the present stage of this litigation, such identity has not been demonstrated or established.

Judgment reversed.

Mr. Chief Justice BELL concurs in the result.

Mr. Justice MUSMANNO did not participate in the decision of this case.

Mr. Justice COHEN and Mr. Justice ROBERTS took no part in the consideration of this case.