**STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPA-NY, Appellant**

v.

**WARE'S VAN STORAGE and Wilson Rodriguez, Appellees.**

Superior Court of Pennsylvania.

Submitted Jan. 28, 2008.

Filed June 24, 2008.

Michael J. Dougherty, Philadelphia and Stewart C. Crawford, Jr., Media, for appellant.

Augustine P. Henry, Pittsburgh, for appellee.

BEFORE: BENDER, GANTMAN and TAMILIA, JJ.

OPINION BY BENDER, J.:

¶ 1 State Farm Mutual Automobile Insurance Company (State Farm) appeals from the trial court's order sustaining preliminary objections in the nature of a demurrer filed by Ware's Van Storage (Ware's) and Wilson Rodriguez. State Farm contends that the trial court erred in concluding that commencement of a prior personal injury action by State Farm's insured improperly split the applicable cause of action and mandated waiver of State Farm's subrogated property damage claim pursuant to Pa.R.C.P. 1020(d). We conclude that waiver pursuant to Rule 1020(d) properly cannot be imposed under the circumstances of this case. Accordingly, we reverse the trial court's order granting Ware's demurrer and reinstate State Farm's complaint.

¶ 2 The record discloses the following. On the afternoon of June 22, 2005, George Hay was following a tractor trailer down the exit ramp that connects State Route 65 to Interstate 79 in Allegheny County. Without warning, the driver of the tractor trailer, Appellee Rodriguez, abruptly decided to attempt a u-turn in the middle of the exit ramp. Rodriguez was unable to execute the maneuver and the tractor trailer jack-knifed on the ramp, blocking both lanes of travel. Hay was unable to bring his vehicle to a stop before colliding with the jack-knifed truck. Hay's vehicle was insured by appellant State Farm when the collision occurred. State Farm promptly reimbursed Hay for the $9,020.58 in damage his vehicle sustained in the collision. By virtue of this reimbursement,

State Farm was subrogated in that amount.

¶ 3 On October 4, 2006, Hay and his wife filed a complaint alleging, *inter alia,* that the accident had caused Hay serious injury. The complaint raised a claim sounding in negligence against Appellee Rodriguez and his employer, Ware's. The complaint sought compensation for Hay's physical injuries, his mental anxiety, and his wife's loss of consortium. Notably, however, the complaint did not request compensation for the damages Hay's vehicle had sustained in the collision.

¶ 4 On May 2, 2007, State Farm filed its own complaint naming Rodriguez and Ware's as defendants and seeking satisfaction of its subrogation lien. State Farm alleged, *inter alia,* that Rodriguez was negligent in his operation of the tractor trailer, thereby causing damage to an insured's vehicle, and that State Farm had reimbursed the insured for this damage. State Farm did not assert a claim for Hay's personal injuries or attempt to recover Hay's deductible.

¶ 5 On June 19, 2007, Ware's and Rodriguez filed preliminary objections in the nature of a demurrer asserting that State Farm was not entitled to recover on its subrogated claim. The demurrer alleged State Farm had waived its negligence claim pursuant to Pa.R.C.P. 1020(d), because the Hays already had filed a complaint seeking damages arising out of the same "transaction or occurrence"—the June 22, 2005 collision. Record, No. 3, at 3, ¶ 9. The trial court accepted Appellees' argument and issued the Order subject to this appeal. State Farm filed a timely notice of appeal and complied with the trial court's ensuing Rule 1925(b) Order. State Farm now raises the following questions for our review:

1. Whether the Court of Common Pleas of Allegheny County committed reversible error by dismissing the property damage claim of Appellant, Plaintiff–Below, State Farm Mutual Automobile Insurance Company ("State Farm") given that other non-dispositive remedies were available such as with [sic] consolidation[?]

2. Whether the Court of Common Pleas of Allegheny County committed reversible error by dismissing State Farm's property damage claim pursuant to the rule prohibiting split causes of action, given that:

   a. State Farm is a separate legal entity from its policy holder, possessing severable and conflicting interest from its policyholder;

   b. State Farm commenced this action in its own name whereas the prior lawsuit was commenced in the name of the policyholder;

   c. The lawsuit initiated by State Farm's policyholder did not involve the participation or interests of State Farm;

   d. State Farm's policyholder was fully indemnified with respect to property damages.

Brief for Appellant at 4. Upon review, we note that State Farm's first question contemplates the appropriate remedy should we conclude that it can not properly pursue a separate action to recover on its subrogated claim for property damage to its insured. As we do not reach that conclusion, we do not address State Farm's related argument. State Farm's second question posits multiple arguments all germane to the underlying issue of whether the trial court properly applied Pa.R.C.P. 1020(d) to find State Farm's subrogation claim waived. Accordingly, we consider these related arguments together.

¶ 6 State Farm challenges the dismissal of its complaint in response to the defendant's demurrer. "Preliminary objections in the nature of demurrer test the legal sufficiency of the plaintiff's complaint. Accordingly, to dispose of a demurrer, the court must examine the complaint to determine whether it sets forth a cause of action that, if proven, would vest the plaintiff with a right to relief." *Sexton v. PNC Bank*, 792 A.2d 602, 604 (Pa.Super.2002). Accordingly,

> [w]hen reviewing the dismissal of a complaint based upon ... a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom. Where the [demurrer] will result in the dismissal of the action, [it] may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections.

*Burgoyne v. Pinecrest Cmty. Ass'n*, 924 A.2d 675, 679 (Pa.Super.2007) (*quoting Lovelace ex rel. Lovelace v. Pennsylvania Property & Cas. Ins. Guar. Ass'n*, 874 A.2d 661, 664 (Pa.Super.2005)). As a demurrer challenges the complaint's legal sufficiency, our scope of review is plenary and our standard of review is de novo. *See Sexton*, 792 A.2d at 604.

¶ 7 In this case, the trial court ruled against State Farm, granting the demurrer, and dismissing the complaint. Consequently, we must discern whether, on the facts averred, the law would preclude recovery. The trial court granted the demurrer based upon an interpretation of Pa.R.C.P. 1020(d), which generally prohibits the splitting of causes of action. Trial Court Opinion, 10/4/07, at 2. The court's reasoning suggests that the separate actions commenced by Hay for personal injuries and State Farm for property damage split the cause of action in the underlying case, as both actions arose from the same transaction and both asserted negligence. The court reasoned further that such purported "splitting" was improper based on "case law holding that in a subrogation action the insurance company stands in the shoes of the insured." Trial Court Opinion, 10/4/07, at 2–3 (*citing Insurance Co. of N. Am. v. Carnahan*, 446 Pa. 48, 284 A.2d 728, 729 (1971)); *Spinelli v. Maxwell*, 430 Pa. 478, 243 A.2d 425, 427 (1968); *Travelers Ins. Co. v. Hartford Accident & Indem. Co.*, 222 Pa.Super. 546, 294 A.2d 913 (1972) (footnote omitted).

¶ 8 State Farm argues to the contrary that its right to recover on its subrogated property damage claim exists independent of Hay's personal injury claims and that, while limited to the extent of Hay's original property damage, its claim need not have been joined with Hay's under Rule 1020. Brief for Appellant at 13–14 ("In the subrogation context, the filing of more than one lawsuit based on the same theory of negligence is not offensive to the doctrine [of] prohibiting split causes of action."). State Farm concludes accordingly that its failure to join its claim with Hay's may not result in waiver of that claim. The following excerpt is illustrative.

> The last sentence of Rule 1020(d) imposes the doctrine of waiver as a remedial measure for the failure to join a cause of action. The rights that are intended to be repudiated by the application of Rule 1020(d) waiver must be the rights of a party that inhabits the action where the asserted failure to join occurred, not the rights of another party that does not inhabit that action. By its terms, Rule 1020 does not contemplate the application of a waiver to a non-party, even if

they are a "plaintiff" in another action instituted upon the same theory of negligence. When Rules 1020(a) and (d) are read together, subsection (a) modifies subsection (d) so as to effect waiver against the "plaintiff" who has failed to join a cause of action.

Brief for Appellant at 18. We concur in State Farm's interpretation of Rule 1020.

¶ 9 Rule 1020(d) provides as follows:

**Rule 1020. Pleading More Than One Cause of Action. Alternative Pleading. Failure to Join. Bar**

(a) The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief.

>   *Note:* Rule 102 provides that the singular includes the plural and the plural includes the singular.

(a) If persons join as plaintiffs under Rules 2228, 2229(a) or (e), the complaint shall state the cause of action, any special damage, and the demand for relief of each plaintiff in a separate count, preceded by a heading naming the parties to the cause of action therein set forth.

(c) Causes of action and defenses may be pleaded in the alternative.

(d) If a transaction or occurrence gives rise to more than one cause of action heretofore asserted in assumpsit and trespass, against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person. Failure to join a cause of action as required by this subdivision shall be deemed a waiver of that cause of action as against all parties to the action.

>   *Note:* Mandatory joinder is limited to related causes of action heretofore asserted in assumpsit and trespass. There is no mandatory joinder of related causes of action in equity.

Pa.R.C.P. 1020.

¶ 10 Considered as a whole, Rule 1020 prescribes the required practice for "[p]leading [m]ore [t]han [o]ne [c]ause of [a]ction" and has no necessary application to determining the joinder of plaintiffs. Indeed, the "plain language" of the Rule appears to presume application only to claims raised by a single plaintiff. *See* Pa.R.C.P. 1020(a) ("The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant."). The Rule's sole reference to more than one plaintiff is specific and makes reference only to permissive joinder and joinder of parties who are related. *See* Pa.R.C.P. 1020(b) ("If persons join as plaintiffs under Rules 2228, 2229(a) or (e), the complaint shall state the cause of action, any special damage, and the demand for relief of each plaintiff in a separate count[.]"). Although we recognize, in accordance with the note following section 1020(a) that single references may be construed to include plurals in accordance with Pa.R.C.P.102, such a use is permissive only. We find no basis to interpret references to a single party to refer to more than one party where Rule 1020 delineates its own scope in terms of *causes of action* rather than *parties*.

¶ 11 We conclude accordingly that Rule 1020(d) can be used to compel joinder of causes of action brought by multiple *parties* in separate actions (and waiver of those not so joined) only if the interests of those *parties* would require compulsory joinder in a single action as plaintiffs. Compulsory joinder of parties is prescribed and governed by Pa.R.C.P.

2227.[1] That Rule limits the need to join parties as plaintiffs (other than those covered by Rule 2228) to those circumstances where two or more parties have "only a joint interest in the subject matter of an action." Pa.R.C.P. 2227(a). However, our Courts have defined "joint interest" in a manner that has limited application to subrogated insurance claims. The Rule is applicable "only where the substantive law provides that an interest is joint and the holder of such interest refuses to join[,]" making involuntary joinder necessary "because without such joinder an indispensable party is missing and the action cannot proceed." *Kelly v. Carborundum Co.*, 307 Pa.Super. 361, 453 A.2d 624, 628 (1982). Significantly, the Rule "is not predicated upon some administrative benefit to be gained by joinder but upon the unity and identity of the interests of the co-owners who are to be joined." *Id.; see also Polydyne, Inc. v. City of Philadelphia*, 795 A.2d 495, 496 (Pa.Cmwlth.2002).

¶ 12 If the "unity and identity" of interests between an insurer and its insured is not sufficient to compel their joinder as plaintiffs if they were any other two parties, they may not be compelled to assert their related claims in a single action under Rule 1020(d). In this case, the "unity and identity of the interests" of State Farm and its insured ceased to exist after State Farm paid its insured's claim for property damage. State Farm has no interest in its insured's personal injury action and, thus, no particular motivation to pursue recovery on such a claim. Similarly, State Farm's insured, once reimbursed for its property damage under the terms of the insurance policy, has no further

interest in pursuing that claim. Of course, State Farm's right to recovery is limited to the right its insured might have asserted had it not been compensated under the insurance policy; that premise is the defining tenet of subrogation. *See Universal Underwriters Ins. Co. v. A. Richard Kacin, Inc.*, 916 A.2d 686, 693–94 (Pa.Super.2007) (reaffirming that subrogation is "a contingent and derivative right" whereby the subrogated insurer "can only recover damages when [its] subrogor has a legally cognizable cause of action against a third party"). The derivative nature of the right may establish the unity and identity of the insurer's interest with that of its insured, but only until the insurer pays the insured's claim. Once payment is made, the unity of the insurer's interest with that of its insured is eliminated, rendering the parties' interest in litigation qualitatively dissimilar.

¶ 13 Under this analysis, we conclude that if the insurer and its insured were any two other parties they could not be subject to compulsory joinder on the basis of the remaining claims that arose out of the underlying tort. Given that fact, we see no basis for the imposition of waiver under Rule 1020(d) upon the failure of the subrogated insurer to bring its property damage claim in the same action as the personal injury action of the insured. Simply stated, if we could not compel these parties to bring their claims in the same action under Rule 2227, how can we impose a waiver under Rule 1020(d) for the failure of one of them to do so?

¶ 14 The cases the trial court cites offer no answer to this question and do not

---

1. Rule 2227 provides in its entirety as follows:
   **Rule 2227. Compulsory Joinder**
   (a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.

   (b) If a person who must be joined as a plaintiff refuses to join, he or she shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder.

require the dismissal of State Farm's action. In *Spinelli v. Maxwell*, 430 Pa. 478, 243 A.2d 425 (1968), a seminal decision of our Supreme Court which clarified the law of subrogation, the Court did bar an insured from seeking compensation for personal injuries where his insurer had previously obtained a recovery for property damages. *See Spinelli*, 243 A.2d at 428. However, the circumstances upon which the Court reached its holding differ from those here in the most material of ways. After the insurance carrier paid its insured for damages to his automobile, it commenced an action and, at the written request of its insured, claimed not only the sum it paid on the insured's property damage claim, but also the insured's deductible. *See id.* at 427. Thus, the carrier's action was specifically attributable to its insured due to the existence of this ancillary contract between them, which preserved the identity of their interests.

¶ 15 Indeed, shortly after the decision in *Spinelli*, our Supreme Court recognized this distinction in *Stahl v. Hilderhoff*, 432 Pa. 179, 247 A.2d 582, 584 (1968), a case that arguably militates against the trial court's ruling here. In that case, the Court refused to preclude the insured's action for property damage even though her insurance carrier had previously commenced a personal injury action in her name and collected a judgment. *See id.* at 583–84. The insured refused to negotiate the award check and the Supreme Court refused to apply *res judicata* as argued by the defendant in the property damage action. *See id.* Significantly, the Court based its disposition on the conclusion that the record did not establish identity of the parties—even though the insured's carrier had acted in its capacity as the subrogated insurer. Further, the Court explained the material distinctions that set its decisions in *Stahl* and *Spinelli* apart:

Our recent decision in *Spinelli v. Maxwell*, 430 Pa. 478, 243 A.2d 425 (1968) affords no support for defendant's position or the action of the court below. In *Spinelli* the plaintiff had executed an authorization broad enough to cover the institution of the prior action and the representation of her interests in such action by her insurance company's counsel; the amount of the 'deductible loss' under the insurance policy of plaintiff suffered by plaintiff was included in the claim and recovered in the prior action; the plaintiff, in fact, had accepted the amount of the 'deductible loss' in satisfaction of the judgment obtained in the prior action. None of these facts are present in the case at bar; in fact, plaintiff's well pleaded facts are to the contrary.

*Stahl*, 247 A.2d at 584.

¶ 16 The distinctions the Supreme Court observed in *Stahl*, are the same ones present here. The record establishes that State Farm commenced its action seeking recovery for only the amount of loss it paid to its insured for property damage. The insured did not request that State Farm act on the insured's behalf to recover the amount of its deductible in the property damage action and State Farm did not do so. State Farm acted only to recover its own loss and, although confined to a limited award of damages by its status as subrogated insurer, was acting in its own capacity. The trial court's disposition does not recognize this paramount distinction between the respective interests of insurer and insured and in so failing renders an impractical and unjust result which, as discussed, *supra*, is not compelled by Rule 1020.

¶ 17 For the foregoing reasons, we reverse the decision of the trial court and reinstate State Farm's action to recover

the amount of property damage it paid to its insured.

¶ 18 Order **REVERSED.** Complaint **REINSTATED.** Jurisdiction **RELIN-QUISHED.**

¶ 19 Judge Tamilia files a dissenting opinion.

## DISSENTING OPINION BY TAMILIA, J.:

¶ 1 I respectfully dissent to the Majority Opinion. I would affirm the Order of the Honorable Stanton Wettick granting appellees' preliminary objections and dismissing State Farm's case pursuant to Pa. R.C.P. 1020, **Pleading More Than One Cause of Action. Alternative Pleading. Failure to Join. Bar.**

¶ 2 Initially, I believe the Majority's holding undermines the very purpose of Rule 1020(d). Rule 1020(b) refers directly to, *inter alia,* Pa.R.C.P. 2229(a), **Permissive Joinder,** which provides: "Persons may join as plaintiffs who assert any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the rights to relief of all such persons will arise in the action." The Majority concludes, "Rule 1020(d) can be used to compel joinder of causes of action brought by multiple *parties* in separate actions (and waiver of those not so joined) only if the interests of those *parties* would require compulsory joinder in a single action as plaintiffs." Op. at 572 (emphasis in original). This holding allows for a plaintiff who is not subject to compulsory joinder *ab initio* to permissibly join an action pursuant to Rule 2229(a) by establishing he has a claim related to those of another

plaintiff whose action is pending and, once so joined, to preserve claims arising out of the underlying transactional or occurrent relationship for future litigation because he, the joining plaintiff, was not subject to compulsory joinder in the first instance. *See contra Hineline v. Stroudsburg Elec. Supply Co.,* 402 Pa.Super. 178, 586 A.2d 455, 456 (1991), *appeal denied* 528 Pa. 630, 598 A.2d 284 (1991) ("The purpose of Rule 1020(d) is to avoid multiplicity of suits, thereby ensuring the prompt disposition of all rights and liabilities of the parties in a single suit.").[2]

¶ 3 My concern is more than academic. As the Majority points out, Rule 2227(a) compulsory joinder is only available in limited circumstances—namely, when the plaintiff subject thereto has a "joint interest" with a plaintiff who is party to a pending action. Op. at 573. I would venture to say that more plaintiff joinders occur pursuant to Rule 2229(a) than pursuant to the Rule 2227(a) "joint interest" test. In short, I am at a loss to explain why our Supreme Court would craft Rule 1020(d) in a manner which would compel a plaintiff who is compulsorily joined in an action to raise all claims he has relative to the action joined or face waiver, but would not also require a plaintiff who *chooses* to join an action to do the same. Such a result is incongruous. *See contra* Pa. R.C.P. 128(a), **Presumptions in Ascertaining the Intent of the Supreme Court.**

¶ 4 Secondly, while it can be argued there is a distinction between the plaintiff who volitionally seeks permissive joinder and is forced to bring all his claims in the joined action and the insurer, such as State Farm, who seeks to prosecute its subrogation lien with notice of its insured's pending action and who is forced to join its subrogation claim with the pending action,

---

**2.** Notably, State Farm never argued that Rule 1020(d) should be used to compel the joinder

of claims only when the plaintiffs themselves can be compulsorily joined.

I respectfully suggest the distinction is one which is not dispositive. While there is no question the subrogated insurer that is forced to join its claim with an insured's pending action would have no choice to do so whereas the plaintiff seeking permissive joinder does have the choice to join, it is important to recognize the subrogated insurer's damages are measured by what the insured can establish the value of the insurer's subrogation lien to be. *See e.g., Chow v. Rosen,* 571 Pa. 369, 812 A.2d 587, 590 (2002), *citing Bell v. Slezak,* 571 Pa. 333, 812 A.2d 566, 574 (2002). Practically speaking, it makes little sense to permit an insurer who is aware of an insured's pending action to bring a separate claim for purposes of prosecuting a subrogation lien when the value of the lien is dependent on the outcome of the insured's action. The insurer is given no choice, practically speaking, as to how the value of its subrogation lien will be calculated, irrespective of whether it is forced to join its claim to an insured's pending action or not.

¶ 5 Third, our Supreme Court is fully capable of crafting a rule limiting the compulsory joinder of claims to situations where the plaintiffs are subject to compulsory joinder in the first instance. Indeed, our Supreme Court did so with Pa.R.C.P. 2228, **Joinder of Related Plaintiffs,** a provision which requires "mandatory joinder" of both parties and causes of action in circumstances where spouses have individual claims arising out of a single injury inflicted on one of the spouses, and where a minor and his or her parents have individual claims arising out of an injury to the minor. *See* Pa.R.C.P. 2228, *Note.* Rule 2228, as contrasted with Rule 1020(d), shows our Supreme Court fully grasps the subtleties that arise when a controversy implicates both the compulsory joinder of parties and the compulsory joinder of claims, and that the Court tailored the various procedural provisions dealing with joinder in rigorous and precise fashion.

¶ 6 Further, while our caselaw does not speak directly to the issue before us, the caselaw is clear that a subrogated insurer is prohibited from pursuing its lien after its insured obtains a judgment against the tortfeasor for damages unreimbursed by the insurer when both the subrogation claim and the unreimbursed damages action arise out of the same transaction or occurrence. *See e.g., Spinelli v. Maxwell,* 430 Pa. 478, 243 A.2d 425, 428 (1968); *Saber v. Supplee–Wills–Jones Milk Co.,* 181 Pa.Super. 167, 124 A.2d 620, 622 (1956); *Erie Ins. Exchange v. Gouse,* 180 Pa.Super. 488, 119 A.2d 672 (1956); *Moltz v. Sherwood Bros., Inc.,* 116 Pa.Super. 231, 176 A. 842 (1935). State Farm does not allege there is a principled distinction between prohibiting a subrogated insurer from pursuing a claim subsequent to its insured obtaining a judgment and prohibiting a subrogated insurer from pursuing a claim independent of an insured's pending action when the insurer has notice of the pending action.

¶ 7 Of course, there is a principled distinction between these prohibitions, albeit one which further belies the Majority's analysis. Depriving a subrogated insurer the right to pursue a claim after its insured has obtained judgment leaves the insurer with *no* recourse. Depriving a subrogated insurer the right to pursue a claim independent of an insured's pending action is *not* without recourse in cases, much like the instant matter, where the insured's suit has not progressed to a point in which it is impractical for the subrogated insurer to seek consolidation, coordination, permissive joinder, or intervention. Indeed, State Farm, even after *demurrer* was granted by the trial court, was still free to seek permissive joinder and/or intervention in its insured's action. Thus, to

the extent the equities play an unspoken role in the Majority's Opinion, these equities, when brought to murmur, speak to a proposition contrary to the Majority's holding.

¶ 8 Finally, with respect to the Rule 1020(d) issue and in light of the Majority's holding that Rule 1020(d) does speak to the claims of multiple plaintiffs when such plaintiffs are subject to compulsory joinder, I am not sure how to construe the statement: "We find no basis to interpret references to a single party to refer to more than one party where Rule 1020 delineates its own scope in terms of *causes of action* rather than *parties*," Op. at 572 (emphasis in original). While I agree with the premise that Rule 1020(d) speaks to causes of action and not parties, it seems anomalous for the Majority to rely on the "plain language" of Rule 1020(d), Op. at 572, when its reading of this language contradicts the result the Majority believes this language compels.

¶ 9 Inasmuch as I do not reach the same conclusion as the Majority does with respect to the first issue raised by State Farm, I would address the second issue raised by State Farm on the merits. Nonetheless, I also would conclude State Farm is not entitled to relief with respect to its assertion that the trial court should have *sua sponte* consolidated its claim with its insured's pending action. While Pa. R.C.P. 213(a), **Consolidation, Severance and Transfer of Actions and Issues within a County. Actions for Wrongful Death and Survival Actions,** vests the trial court with the authority to consolidate pending actions *sua sponte*, Rule 213(a) also vests the trial court with the discretion to determine whether this authority should be exercised. *See Hill v. Hill*, 422 Pa.Super. 533, 619 A.2d 1086, 1087 (1993) ("The question [of consolidation] is one that must necessarily be left to the discre-tion of the trial judge ..."), *quoting Azinger v. Pennsylvania R.R. Co.*, 262 Pa. 242, 105 A. 87, 88 (1918). State Farm raised the issue of consolidation for the first time in its Rule 1925(b) statement; the trial court decided this controversy by answering the question appellees asked of it—whether State Farm's complaint should be dismissed pursuant to the prohibition against splitting causes of action. It was not the trial court's duty to find ways to save State Farm's complaint from dismissal, it was State Farm's duty. Moreover, by the time the issue of consolidation was put before the trial court in State Farm's Rule 1925(b) statement it was September 10, 2007, over 30 days after the final Order subject to appeal was entered. At that point, the trial court was without jurisdiction to amend its prior Order even if it were so inclined. *See* 42 Pa.C.S.A. § 5505, **Modification of orders.**

¶ 10 Based on the foregoing analysis, I would affirm the Order of the Honorable Stanton Wettick sustaining appellees' preliminary objections and dismissing State Farm's case.