# GEICO v. Russ

C.P. of Monroe County, No. 7312 CIVIL 2013

*Lucille Marsh*, for plaintiff.
*Joseph R. Meiss*, for defendant.

WILLIAMSON, *J.*, March 6, 2015—This matter comes before us on a Motion for Summary Judgment filed by Wade Tyler Russ (hereafter "Defendant") on January 6, 2015. Government Employees Insurance Company (GEICO) (hereafter "Plaintiff") filed an Answer to Defendant's Motion for Summary Judgment on January 26, 2015.

## Background

On January 3, 2013, at approximately 7:39 a.m., Adrianna Rondinella (hereafter "Insured"), was operating her vehicle in Tunkhannock Township, Monroe County, Pennsylvania, when Defendant, traveling in the opposite direction, crossed the center line and collided head-on

with Insured's vehicle.

At all relevant times, Plaintiff insured the 2008 Infinity EX35 which was owned and being operated by Insured at the time of the accident. As a result of Defendant's alleged negligence, the vehicle insured by Plaintiff was damaged to the amount of $28,892.51, plus towing and storage in the amount of $673.00, less the salvage value of $2,023.00.

On January 25, 2013, Insured executed a full release agreement, releasing Defendant from any and all claims arising out of the accident on January 3, 2013. Plaintiff argues that this release agreement contained consideration of $15,000 paid to Insured from Defendant's insurance company, Progressive Insurance, and that $15,000 is also the amount of Defendant's bodily injury liability limit pursuant to their Progressive Policy. Plaintiff seeks to recover the amount of money it paid out for property damage to the vehicle and argues that the release agreement is for personal injury claims and that this is a separate claim to recover the money paid out for property damage to the vehicle. Defendant contends the release signed by the Insured releases any and all claims including Plaintiff's claim for subrogation for property damage.

Argument

Defendant argues that summary judgment should be granted as to Plaintiff's claim pursuant to the release agreement executed between Defendant and Insured. Summary Judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there

is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary Judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa.Super. 1995).

Summary Judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa.Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employment Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa.Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-

moving party has adequate knowledge and that the means of information are within the control of the non-moving party. *Elia v. Olszewski*, 84 A.2d 1889 (Pa. 1951).

Here, the Defendant argues the general release signed by the insured was for all claims. Defendant further contends that Plaintiff steps into the shoes of the Insured on a subrogation claim. Therefore, the release would bar the claim.

Plaintiff argues that summary judgment should not be granted because Defendant failed to plead the affirmative defense of release as new matter, and that there is a genuine issue of material fact as to whether the release agreement bars Plaintiff's claim in subrogation for property damage paid under its policy with the Insured.

## Waiver of Affirmative Defense

Plaintiff's first argument against summary judgment is that Defendant waived the affirmative defense of release by not pleading it as a new matter. Except as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter". A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading. Pa.R.C.P. No. 1030.

The Superior Court of Pennsylvania has held that, if release is not pled as a new matter, the right to assert the defense has been waived. *Blumenstock v. Gibson*, 2002 PA Super 339, ¶ 28, 811 A.2d 1029, 1039 (2002). Nevertheless, our Rules of Civil Procedure must be liberally construed so that actions are resolved in a just, speedy and inexpensive manner consistent with Rule 126. *Id.*

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties. Pa.R.C.P. 126. Where the rights of the plaintiff have not been prejudiced through the defendant's failure to plead the defense of release prior to filing a motion for summary judgment, the trial court is not required to strictly enforce Rule 1030. *Blumenstock v. Gibson*, 2002 PA Super 339, ¶ 28,811 A.2d 1029, 1039 (2002).

Thus, an affirmative defense such as release is generally deemed waived if not pled as new matter. Here, Defendant has only pled the affirmative defense of release in this instant Motion for Summary Judgment. It is within the trial court's discretion to decide whether the failure to plead the affirmative defense as new matter constitutes a waiver of that affirmative defense for Defendant. In this case, Defendant had proper notice of the release agreement prior to filing their Answer and New Matter to plead the affirmative defense of release as part of the new matter. At this stage of the proceedings, the Plaintiff would be

prejudiced if the defect was waived. Defendant failed to plead the affirmative defense of release as new matter and it is deemed waived.

State Farm's Subrogation Claim for Property Damage

Plaintiff's second argument against granting Defendant's motion for summary judgment is that there is a genuine issue of material fact as to whether the release agreement between Defendant and Insured bars Plaintiff's claim for property damage paid under its policy.

In *State Farm Mut. Auto. Ins. Co. v. Ware's Van Storage*, the Superior Court of Pennsylvania held that the "unity and identity of the interests" of State Farm and its insured ceased to exist after State Farm paid its insured's claim for property damage. The court found that State Farm had no interest in its insured's personal injury action and, thus, no particular motivation to pursue recovery on such a claim. Moreover, the court found that State Farm's insured, once reimbursed for its property damage under the terms of the insurance policy, had no further interest in pursuing that claim. However, State Farm's right to recovery was limited to the right its insured might have asserted had it not been compensated under the insurance policy; "that premise is the defining tenet of subrogation." *State Farm Mut. Auto. Ins. Co. v. Ware's Van Storage*, 2008 PA Super 134, ¶ 12, 953 A.2d 568, 573 (2008). Here, Plaintiff paid the insured for property damage; the Insured settled her claims with the Defendant for the maximum under the policy while appearing to have a significant bodily injury claim alone; and the timing of which appeared questionable with regard to any intention by the Insured to also seek property damage from the Defendant as part of the settlement.

In *Melendez v. Pa. Assigned Claims Plan*, the Superior Court of Pennsylvania held that, when dealing with both contractual and statutory insurance subrogation issues, it is clear that where an injured party extinguishes an insurer's subrogation rights by settling and releasing an alleged tortfeasor, the injured party loses his right to recover from the insurer. Protecting the insurer's subrogation rights is necessary to further the Commonwealth's public policy against double recovery. *Melendez v. Pennsylvania Assigned Claims Plan*, 384 Pa. Super. 48, 53, 557 A.2d 767, 769 (1989). There certainly would be a public policy concern here, where the Defendant caused significant personal injury, significant property damage, and had the minimum insurance for bodily injury claims, to not allow a property damage claim by Plaintiff for expenses Plaintiff had to pay to the Insured for Defendant's negligence.

Defendant cites *Republic Ins. Co. v. Paul Davis Sys. of Pittsburgh S., Inc.* in their brief in support of their motion for summary judgment. In that case, the Pennsylvania Supreme Court affirmed a ruling upholding the terms of a release agreement on the premise that an insurer does not have more rights than the insured. In the footnotes to the opinion, the court stated that they found "no merit in Republic's argument that the insured did not have power to release claims in which Republic held an interest as subrogee. Republic, having prepared the release and directed the insured to sign it, will not now be heard to assert that the release was unauthorized." That case is distinguishable because it does not involve separate causes of action for personal injury claims and property damage claims. Also, the insurance company plaintiff in that case had prepared the release agreement at issue and

had an opportunity to seek subrogation, or another course of action before directing its insured to sign the release. *Republic Ins. Co. v. Paul Davis Sys. of Pittsburgh S., Inc.*, 543 Pa. 186, 190, 670 A.2d 614, 616 (1995). Here, Plaintiff had no control over the release signed by the Insured. The fact that Defendant's carrier made a quick settlement and had the Insured sign a general release, of which Plaintiff had no control over, is suspect, and does not evidence a waiver of subrogation by the Plaintiff.

In their brief in support of their motion for summary judgment, Defendant also cites *Kiker v. Pa. Fin. Responsibility Assigned Claims Plan*. In that case, the Superior Court of Pennsylvania held that, through subrogation, the insurer is granted the right "to stand in the shoes of the claimant and assert the claimant's rights against the tortfeasor. Exercising these rights helps preserve the ACP fund and prevents double recovery by a claimant. Thus, extinguishing a subrogee's statutory right to be reimbursed is generally disfavored. However, the insurer, as subrogee, can only recover damages when his subrogor has a legally cognizable cause of action against a third party. *Kiker v. Pennsylvania Fin. Responsibility Assigned Claims Plan*, 742 A.2d 1082, 1086 (Pa. Super. Ct. 1999). While that case does state that the insurer "stands in the shoes of the claimant," it does not hold that a release agreement by the insured and a third party bars all recovery rights for the insurance company. The court in that case specifically supported the notion that extinguishing a subrogee's statutory right to be reimbursed is generally disfavored. It would be unfair to waive a subrogee's statutory right to be reimbursed for property damage where a Defendant has the minimum insurance,

the Insured has significant bodily injury claims, and where the subrogee has no control over the sequence of events leading to the signing of a release by its insured.

We find that in addition to waiving the defense of release, the Defendant also is not entitled to summary judgment based upon the cases set forth and the facts of this case.

## ORDER

AND NOW, this 6th day of March, 2015, upon consideration of the Motion of Defendant Wade Tyler Russ for Summary Judgment, the Motion for Summary Judgment is DENIED.