J-S16012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HARRISBURG INVESTORS GENERAL PARTNER, LLC T/A HARRISBURG MALL LIMITED PARTNERSHIP | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PIZZA ZONE, LLC, D/B/A PIZZA ZONE, MOHAMED ELBAYOUMY AND RASH ELNAGGAR | : | No. 1612 MDA 2018 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered August 31, 2018
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2018-CV-2996-NT

BEFORE: OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.: **FILED JULY 30, 2019**

Pizza Zone, LLC D/B/A Pizza Zone, Mohamed Elbayoumy and Rash Elnaggar ("Pizza Zone") appeal from the order entered August 31, 2018, in the Dauphin County Court of Common Pleas, denying its petition to strike or open the confessed judgment entered against it by Harrisburg Investors Limited Partner, LLC T/A Harrisburg Mall Limited Partnership ("Harrisburg"). Harrisburg confessed judgment for $63,488.84, against Pizza Zone based on a commercial lease between the parties. On appeal, Pizza Zone argues the trial court erred in refusing to grant its petition to strike or open the confessed judgment. For the reasons set forth below, we affirm.

The trial court summarized the facts underlying this appeal as follows:

On September 4, 2013, [Pizza Zone] entered into lease agreement with [Harrisburg] for a term ending on January 31, 2019, by which [Pizza Zone] agreed to pay monthly rent for space on the second floor of the Harrisburg Mall. [Pizza Zone] defaulted on rental payments beginning in November of 2017. On March 9, 2018, a District Court entered judgment for [Harrisburg] for possession of the leased premises. On May 4, 2018, pursuant to the [l]ease [a]greement, judgment by confession was entered against [Pizza Zone] in the amount of $63,488.84. On May 14, 2018, [Pizza Zone] filed a [p]etition to [o]pen or [s]trike off the [j]udgment. Oral argument was entertained on August 29, 2018. On August 31, 2018, [the trial court] issued a [m]emorandum [o]pinion and [o]rder denying [Pizza Zone's] Petition to Open or Strike Off the Judgment for Money Entered Pursuant to Pa.R.C.P. No. 2950 *et seq.*[] On September 10, 2018, [Pizza Zone] filed a [m]otion for [r]econsideration of the August 31st Order and [Harrisburg] filed a [r]eply. On September 20, 2018, [the trial court] denied [Pizza Zone's] [m]otion for [r]econsideration. On September 27, 2018, [Pizza Zone] filed a [n]otice of [a]ppeal to the Superior Court. On October 12, 2018, [Pizza Zone] filed a [concise statement of errors complained of on appeal. On December 3, 2018, the trial court filed an opinion.]

Trial Court Opinion, 12/03/2018, at 1-2 (some italics omitted).

On appeal, Pizza Zone contends the trial court erred in denying its petition to strike or open the confessed judgment. Specifically, it argues the court should have struck the judgment because Harrisburg filed separate actions for possession of the property and for rent in violation of Pennsylvania Rule of Civil Procedure 1020(d). Pizza Zone's Brief, at 4. It further contends that the trial court erred in not opening the judgment because: (1) Harrisburg did not give credit for Pizza Zone's security deposit; and (2) Harrisburg did not give Pizza Zone credit for the value of its equipment, which Harrisburg retained. *Id.*

- 2 -

A petition to strike off or open a confessed judgment "appeals to the equitable and discretionary powers of the trial court, and absent an abuse of discretion or manifest error, we will not disturb its decision." ***Courtney v. Ryan Homes, Inc.***, 497 A.2d 938, 941 (Pa. Super. 1985) (citations omitted).

> A confessed judgment will be stricken "only if a fatal defect or irregularity appears on the face of the record." A judgment by confession will be opened if the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence in support of the defense to require the submission of the issues to a jury. In adjudicating the petition to strike and/or open the confessed judgment, the trial court is charged with determining whether the petitioner presented sufficient evidence of a meritorious defense to require submission of that issue to a jury. A meritorious defense is one upon which relief could be afforded if proven at trial.

***Ferrick v. Bianchini***, 69 A.3d 642, 647 (Pa. Super. 2013) (citations omitted).

> In other words, the petition to strike a confessed judgment must focus on any defects or irregularities appearing on the face of the record, as filed by the party in whose favor the warrant was given, which affect the validity of the judgment and entitle the petitioner to relief as a matter of law. "[T]he record must be sufficient to sustain the judgment." The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint in confession of judgment and the attached exhibits.
>
> In contrast, "if the truth of the factual averments contained in [the complaint in confession of judgment and attached exhibits] are disputed, then the remedy is by proceeding to open the judgment," not to strike it. A petition to strike a confessed judgment and a petition to open a confessed judgment are distinct remedies; they are not interchangeable.

***Midwest Fin. Acceptance Corp. v. Lopez***, 78 A.3d 614, 623 (Pa. Super. 2013) (citations omitted). With these standards in mind, we now turn to the merits of Pizza Zone's claims.

In its first issue, Pizza Zone contends that the trial court erred in denying its motion to strike because Harrisburg's filing of a cause of action for possession in the district court while confessing judgment for rent in a separate action in the Court of Common Pleas violated Pennsylvania Rule of Civil Procedure 1020(d). Pizza Zone's Brief, at 7-8. We disagree.

Pennsylvania Rule of Civil Procedure 1020(d) provides:

If a transaction or occurrence gives rise to more than one cause of action heretofore asserted in assumpsit and trespass, against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person. Failure to join a cause of action as required by this subdivision shall be deemed a waiver of that cause of action as against all parties to the action.

In its decision, the trial court stated:

In this case, Pa.R.C.P[.] 1020(d) does not apply because the [l]ease [a]greement provides that [Harrisburg] or its agent could confess judgment for rent (and/or possession) as often as rent may fall due, in successive judgments and there is no requirement that claims for possession and rent be brought at the same time or in the same action. (*See* Lease, Article XVII, Section 17.6, attached as Exhibit "A" to Rule 236 Notice to Defendant By Prothonotary of Entry of Judgment By Confession). Furthermore, the rent due from [Pizza Zone] under the [l]ease exceeded the jurisdictional limit of the Magisterial District Court.

Trial Ct. Op., at 3-4.

Pizza Zone has not shown that the trial court either abused its discretion or made a manifest error in reaching this decision. Pizza Zone points to nothing in the lease that supports its claim that the parties did not intend Section 17.6 to apply to "the situation we are dealing with in this case." Pizza

- 4 -

Zone's Brief, at 8. Moreover, it provides no legal support for its contention that Rule 1020(d) applies to this situation.

We have reviewed the three cases cited in a string citation by Pizza Zone, **Spinelli v. Maxwell**, 243 A.2d 426 (Pa. 1968); **Stahl v. Hilderhoff**, 247 A.2d 582 (Pa. 1968), and **State Farm v. Wares Van Storage**, 953 A.2d 568 (Pa. Super. 2008). None of these cases arose out of confessed judgments and none concern landlord/tenant or contract matters. Moreover, **Stahl** addresses a claim of *res judicata*. **See Stahl**, **supra** at 583-584. In **Spinelli**, our Supreme Court held:

> When personal injuries to a person and damages to his property arise from the same cause and the same tortious act, the person who has sustained such personal injuries and property damage Must seek recovery for both in a single action and, if separate actions are instituted for each category of damage and a judgment is rendered in one of such actions, the entry of such judgment has the effect of Res judicata and bars recovery in the other action. Such is the view of a substantial majority of jurisdictions in the United States, and to this view Pennsylvania has long adhered.

**Spinelli**, **supra** at 427 (capitalization in original, citations and footnote omitted). Pizza Zone has not explained why this holding applies to the instant action or even argued why we should extend it to cover cases arising in contract.[1] Lastly, **State Farm** is an insurance subrogation case where this

---

[1] We remind Pizza Zone that this Court will not act as counsel and will not develop arguments on behalf of an appellant. **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and

Court **declined** to apply Rule 1020(d) to block separate actions by the insurance company and its client against the at fault driver in a motor vehicle case. **State Farm**, **supra** at 569. Pizza Zone has therefore not shown that these cases have any relation to the present action. Because Pizza Zone has failed to demonstrate that the trial court either abused its discretion or committed manifest error, its first claim fails.

In its second claim, Pizza Zone maintains that the trial court erred in not opening the judgment because Harrisburg did not apply a credit against the judgment amount for its security deposit. Pizza Zone's Brief, at 8-9. In its third claim, Pizza Zone states that the trial court erred in failing to open the judgment because Harrisburg did not give it credit for the value of its equipment, which Harrisburg retained. **Id.** at 9. We disagree.

In its opinion, the trial court aptly discusses these claims. It correctly finds that the lease allows the landlord to retain the security deposit to cover any "loss, damage or expense sustained due to such default." Lease, at Article IV, Section 4.8; Trial Ct. Op., at 6. It also points out that, at oral argument, Harrisburg stated that it had used some of the security deposit to cover damages to the premises but that it had not used the entire amount and it

---

with citations to legal authorities.") (citations omitted), *appeal denied*, 940 A.2d 362 (Pa. 2008); **Bombar v. West American Insurance Company**, 932 A.2d 78, 94 (Pa. Super. 2007).

agreed that, if it executed on the judgment, Pizza Zone would be entitled to either a credit or a refund. *Id.* at 6; N.T. Oral Argument, at 10-11.

With respect to the equipment, the trial court again correctly observes that the lease addresses this issue.[2] Trial Ct. Op., at 7. The lease provides that Harrisburg will have "a security interest in and an express contractual lien upon all of Tenant's equipment, furniture, furnishings, appliances, goods, trade fixtures, inventory, chattels and personal property which will be brought upon the Premises by Tenant, and all after-acquired property, replacements, and proceeds." Lease, Article XIX, Section 19.2. Further, the trial court is correct in stating that Pizza Zone cites to nothing in the lease that entitled them to credit for retained equipment. Trial Ct. Op., at 7. Moreover, Pizza Zone has not refuted the claim made by Harrisburg at oral argument that it did not put a lien on the equipment and that Pizza Zone, despite having access to the premises, has failed to take any action to remove the equipment. N.T. Oral Argument, at 10-11.

Here Pizza Zone does not cite to any legal authority to support its claims, or contradict Harrisburg's claims, and fails to address or refute the trial court's

_____

[2] In its argument on the third issue, Pizza Zone contends, without citation or specificity, that the "hearing" demonstrated the existence of a factual dispute between the parties as to the ownership and value of the equipment. Pizza Zone's Brief, at 9. We have thoroughly reviewed the record at oral argument and have found nothing to substantiate this claim. N.T. Oral Argument, 8/28/2018, at 2-11.

explanation of its decisions. **See** Pizza Zone's Brief, at 8-9. Thus, Pizza Zone's claims fail. **See Hardy**, **supra** at 771; **Bombar**, **supra** at 94.

Therefore, because we find no abuse of discretion or error in the trial court's ruling denying Pizza Zone's petition to strike or open the confessed judgment, we affirm the order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2019